Weygandt, C. J.
 

 Section 10509-3, G-eneral Code, reads in part as follows:
 

 “Administration of the estate of an intestate shall be granted to persons hereinafter mentioned, in the following order:
 

 “1. To the surviving spouse of the deceased, if resident of the state.
 

 “2. To one of the next of kin of the deceased, resident of the county.
 

 “3. To one of the next of kin of the deceased, resident of the state. * * *
 

 “If there are no persons so entitled to administration, or if they are incompetent, or for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person or persons, resident of the county, who may or may not be a creditor.”
 

 The decedent’s father concedes that under the provisions of this statute the surviving spouse would be entitled to prior consideration if she were not a minor. However, he contends that the Court of Probate was in error in holding the spouse’s guardian entitled to appointment in her stead. Reliance is placed upon the statutory language that if persons so entitled to administration “are incompetent * * * their right to priority shall be lost.”
 

 It is not urged that the surviving spouse herself is eligible for appointment as administratrix. She is
 
 *554
 
 under the legal disability of being a minor. Section 10509-11, General Code, provides that a minor may not serve in the capacity of executor, but the statute is silent as to serving as an administrator. However, it is the general rule that a minor is not competent to be appointed or serve as an administrator. 33 Corpus Juris Secundum, 949, Section 46; 21 American Jurisprudence, 421, Section 84. As to the matter of infancy a distinction is sometimes drawn between executors and administrators, and usually the rule is stricter as to the latter. 11 Ruling Case Law, 45, Section 35.
 

 In some jurisdictions a guardian of a minor may by virtue of a statute or the common law be appointed administrator in place of the minor. However, in this state the matter is controlled by Section 10509-3, General Code,
 
 supra,
 
 which clearly provides that where incompetency exists such person’s right to priority is lost. But the incompetency of one individual does not destroy the right of priority of other classes enumerated in the statute. The succeeding provision requires that next in priority after the surviving spouse shall be “one of the next of kin of the deceased, resident of the county.” It is not denied that the decedent’s father comes within the classification of “next of kin”; but it is contended that under the facts in this case the interest of the surviving spouse in the assets of the estate is greater than that of the decedent’s father and that therefore the latter is entitled to no consideration. The applicable rule in this state is properly indicated in 18 Ohio Jurisprudence, 98, Section 50, as follows:
 

 “The statute of Ohio regarding appointment is apparently mandatory and unequivocal. Whether the next of kin may have any actual interest under a will is evidently not to be considered.”
 

 And in the case of
 
 Todhunter
 
 v.
 
 Stewart,
 
 39 Ohio St.,
 
 *555
 
 181, Judge Upson discussed Section 6005, Eevised Statutes, which was similar to the present Section 10509-3, General Code. The. following comment appears in his opinion on page 183:
 

 “It [the statute] gives to the persons mentioned, in the order prescribed, the absolute right to letters of administration," subject only to the conditions that they are competent, suitable for the discharge of the trust, and do not neglect, without sufficient cause, to take administration.”
 

 Hence, the Court of Probate was in error in appointing the surviving spouse’s guardian as administrator and in refusing to consider the decedent’s father. The minor surviving spouse and her guardian were ineligible, and the decedent’s father as a next of kin was entitled to consideration irrespective of the extent of his interest in the assets of the estate. The Court of Appeals correctly reversed the order of the Court of Probate; and the cause was properly remanded with instructions to determine the competency and suitability of the decedent’s father and to appoint him administrator if found qualified.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Bell, Williams, Turner, Matthias and Hart, JJ., concur.