**APPLEGATE, Estate of, In re.**

Probate Court, Hamilton County.

No. 181501.   Decided April 5, 1951.

John B. Freiden, Cincinnati, for Ralph C. Burnett, applicant: Leonard C. Gartner, Cincinnati, for estate of Anna Applegate, deceased.

## OPINION

By DAVIES, J.

This matter comes before the court upon the motion of Ralph C. Burnett to remove Theresa Pfalz, the administratrix of the estate of Anna Applegate, deceased, for the reason that said applicant "has filed no waiver of his right to administer the estate, nor has this applicant been cited by the Court for the purpose of ascertaining whether he desires to take or renounce such administration, as required by §10509-4 GC."

According to the testimony, the said Anna Applegate died intestate on February 15, 1951, and Theresa Pfalz was appointed administratrix of said estate on February 23, 1951.

Since said decedent left no surviving spouse, children or their lineal descendants, parents, adopted children or designated heirs, her property will be distributed and descend to the following named individuals:

Theresa Pfalz, a sister, and resident of Hamilton County, Ohio, who is the person who has been appointed administratrix;

Carrie Hildenbrand, a sister, and resident of the State of Washington;

Norbert Ranz, a resident of the State of Washington, a nephew and only child of a pre-deceased sister, Tillie Ranz;

Ralph C. Burnett, who filed the motion to remove the administratrix, and Marian Mecklenborg, also resident of Hamilton County, Ohio, the children of a predeceased sister, Rose Burnett, and the nephew and niece of the decedent;

Albert W. Walsh, Irene Penker, Nellie Burns, Vesta Gartner and Blanche Wellman, all of whom are residents of Hamilton County, Ohio, nephew and nieces of the decedent and children of a predeceased sister of the decedent, Mary Walsh, and

Charles Walsh, a resident of the State of Maryland, who is also a nephew of the decedent and a son of the predeceased sister, Mary Walsh.

The record also shows that before Theresa Pfalz was appointed administratrix, no waivers were signed by any of the nieces and nephews who resided in Hamilton County, Ohio, and none of said nieces and nephews were cited by the court for the purpose of ascertaining whether they desired to take or renounce such administration.

Before passing upon the applicant's motion to remove the administratrix, it is necessary for the Court to determine

what person or persons, resident of Hamilton County, are entitled to administer the estate of Anna Applegate, deceased.

According to the provisions of §10509-3 GC, since the decedent left no surviving spouse, the administration of her estate shall be granted to one of the "next of kin" of the deceased, resident of Hamilton County.

Sec. 10509-4 GC, provides, among other things, that before being appointed executor or administrator, every person shall make and file an application under oath, which must contain the names of the surviving spouse and all the next of kin of the deceased to such person known, and provides that "the application may be accompanied by a waiver signed by the person or persons resident of the county entitled to administer the estate, and in the absence of such waiver such person or persons shall be cited by the court for the purpose of ascertaining whether they desire to take or renounce such administration."

"The person or persons resident of the county entitled to administer the estate," referred to in §10509-4 GC, are defined in §10509-3 GC, as "the next of kin of the deceased, resident of the county."

Sec. 10503-2 GC, provides that "in the determination of intestate succession, next of kin shall be determined by degrees of relationship computed by the rules of civil law."

We come next to a consideration of who were the "next of kin" of Anna Applegate, deceased. Was Theresa Pfalz, the sister, the only resident of Hamilton County entitled to administer the estate, or were the aforementioned nieces and nephews who resided in Hamilton County also entitled to administer their aunt's estate? We believe these questions are answered by the holding In Re: Estate of Fields, decided by the Court of Appeals for the Second District of Ohio, Greene County, 44 Abs 284, 65 N. E. 70. In this case, the Court held, first of all, that the provisions of §10503-2 GC, relating to intestate succession and defining, for such purpose, the term "next of kin," have no application in the determination of the right to appointment as administrator of a decedent's estate. The court also held that the term "next of kin," as used in §10509-3 GC, relating to the appointment of administrators of decedents' estates, includes a grandchild of the decedent even though there are living children of the decedent, and finally held that under the provisions of §10509-3 GC, a grandchild of an intestate decedent who is a resident of the county is entitled to preference over a child of such decedent who is not a resident of the county, for appointment as administrator of the estate of such decedent.

We believe, as held by the court in its decision, that the words "next of kin" mean those relatives who, at the time of the appointment, would inherit in case of intestacy, and that in its practical use the term "next of kin" has come to mean ordinarily those persons who take the estate of the deceased under the statutes of descent and distribution.

We conclude that since Ralph C. Burnett, the applicant, and Marian Mecklenborg, Albert W. Walsh, Irene Penker, Nellie Burns, Vesta Gartner and Blanche Wellman, nieces and nephews of the decedent, were "next of kin" of Hamilton County, "entitled to administer the estate" of their aunt, Anna Applegate, deceased, and since the application of Theresa Pfalz for appointment as administratrix of said decedent's estate was not accompanied by a waiver signed by said resident nieces and nephews, and since such persons were not cited by the Court for the purpose of ascertaining whether they desired to take or renounce such administration, the said motion for removal of the administratrix will be sustained.