**WIMMER, Plaintiff-Appellant, v. DeWEESE, Admr., et, Defendants-Appellee.**

Ohio Appeals, Second District, Miami County.

No. 456. Decided April 26, 1951.

Michael E. Norris and Marie C. Schumucker, Troy, for plaintiff-appellant.

A. H. DeWeese and J. W. DeWeese, Troy, for defendants-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Probate Court of Miami County, Ohio, confirming the appointments of Gus Schnippel, as Administrator of the Estate of Anna A. Grier, deceased, and of J. H. DeWeese, as Administrator de bonis non of said estate, holding that the proceedings to sell the real estate of decedent upon the petition of the administrator, and subsequent action taken thereon by the administrator d. b. n. were regular and valid and that there was no fraud in connection with the sale of said real estate or in connection with the appointment of the fiduciaries and dismissing the petition of plaintiff.

To this order of the Probate Court six errors are assigned:

1—The refusal of the court to render judgment on the pleadings in favor of the plaintiff.

2—The refusal to admit evidence offered by the plaintiff.

3—In limiting evidence of plaintiff to specific points in the amended petition.

4—In the admission of evidence on behalf of the defendant.

5—In overruling plaintiff's motion for new trial.

6—The judgment is against the weight of the evidence, not supported by sufficient evidence, and contrary to law.

The issues were drawn on an amended petition filed after term, answer and reply. After the filing of the answer, plaintiff moved for judgment on the pleadings but, before the court had ruled on the motion, plaintiff filed a reply. Although the motion was not refiled after the filing of the reply, it could have been and probably was considered by the court as applying to the issues as then made up. This motion was overruled.

The amended petition describes the real estate involved; recites the relation of plaintiff to Anna Grier; her decease intestate leaving Charles J. Grier, her spouse; his death testate, naming plaintiff his sole devisee and legatee; the application of Gus Schnippel, a stranger to the estate of Anna Grier; his appointment as her administrator; his filing of a petition to sell real estate to pay debts; the order of sale; the death of administrator; the application of James H. DeWeese for appointment of administrator d. b. n.; his appointment and sale of the real estate; its confirmation and distribution of the proceeds.

It is particularly averred that Schnippel, in his application for appointment, set out under oath that there were no next of kin of Anna A. Grier, when in truth and in fact this plaintiff was her only next of kin; that said fact was well known to the applicant, and that this action was a fraud upon the court and the plaintiff, who is advanced in years, in that she was not informed of the proceedings and was not given an opportunity either to elect to administer the estate of her sister, Anna A. Grier, or to waive such administration.

It is further alleged that the real estate was appraised at $3,000, an order of private sale taken, and the property sold for $4,000, whereas its reasonable market value was at least $10,000; that prior to the filing of the application of the administrator plaintiff had been negotiating with one S. C Philbrook for a sale of a portion of the premises described in the petition and that the administrator d. b. n., under the order of sale, sold the entire premises to Philbrook without plaintiff's knowledge or consent; that no other interested parties were given an opportunity by the fiduciary or his counsel to bid upon the premises, nor were any other per-

sons contacted by counsel or Alma M. Schmell, who had been employed as a real estate agent, for the purpose of obtaining a higher and more reasonable price for the real estate.

It is further alleged that under Schedule F of the appraisement returned by the administrator the sum of $500 was set off to the surviving spouse, Charles J. Grier, as his statutory exemption, but that said sum was never paid to Charles J. Grier nor to Bernard S. Keyt, Executor of the Estate of Charles J. Grier, deceased. Then follows this important paragraph:

"Plaintiff further says that the purported appointment of Gus Schnippel as Administrator of the estate of Anna A. Grier deceased, and the purported appointment of James H. DeWeese as Administrator d. b. n. of the estate of Anna A. Grier deceased, and all other proceedings made and done by both of these fiduciaries were irregular and of no effect and should be set aside, and that the purported sale should be held for naught."

The prayer of the petition is in accord with the last quoted paragraph.

The answer of the administrator d. b. n., after a general denial, asserts that plaintiff had full knowledge of the appointments to which she objects and of all the proceedings in the administration of the estate by reason of which she is estopped to deny the validity of the appointments; that plaintiff was a party defendant in the action to sell the real estate. Although it is not specifically averred, it is established that she was served with summons in this action; it is further alleged that the real estate was sold for the best price available, and that all proceedings were in accordance with law.

The reply is a denial of all new matter alleged in the answer. The prayer of the answer was that the **petition be dismissed and that the court confirm the appointments of the administrator and the administrator d. b. n.** (Emphasis ours.)

The first error assigned is that the court erred in refusing to render judgment on the pleadings in favor of the plaintiff. The only basis for this contention would be that, as a matter of law, Mary Wimmer was next of kin of Anna Grier and by reason of this fact the appointment of the administrator originally and the subsequent proceedings were void.

"Next of kin" is used to signify the relations of a party who has died intestate; those relatives who would inherit in case of intestacy. **Re Estate of Fields, 44 Abs 287.** At the time of the death of Anna Grier her surviving spouse was her sole heir at law. Mary Wimmer was then neither next of kin

nor heir at law under the applicable statutes relating to intestate succession. The applicable section, §10509-3 GC, must be read in its entirety:

"Administration of the estate of an intestate shall be granted to persons hereinafter mentioned, in the following order:

1. To the surviving spouse of the deceased if resident of the state.

2. To one of the next of kin of the deceased, resident of the county."

This section relates only to the estate of an intestate which is to be administered. Thus, the question at all times is whether or not those to be comprehended by the second paragraph of the statute would be next of kin of the deceased with respect to the estate of the deceased. Mary Wimmer did not, at any time, answer the description of one of the next of kin of the deceased within the meaning of the statute, and was not entitled to notice. The court did not err in refusing to enter judgment for the plaintiff upon the pleadings.

The second assignment is that the Court erred in refusing to admit evidence offered by the plaintiff. This assignment is directed to the refusal of the court to admit the records of that court in the estate of Charles J. Grier. The proffer of the evidence was not necessary. The defendant, administrator d. b. n., in his answer "admits the truth of all allegations contained in said petition which are matters of record." The evidence proffered was a matter of record and it was alleged in the petition. As the court would not admit the evidence manifestly he did not consider it. But we are of opinion that there was nothing in the record material to the issues which was not made known to the court before judgment. No prejudice appears in the ruling of the court.

The third assignment is that the court erred in limiting the evidence to specific points in the amended petition. We hold against this claim and will discuss this matter later.

We also hold against the appellant on the fourth and fifth assignments and on the sixth, except as to so much of it as claims that the judgment is contrary to law, which we also hereafter discuss.

We have attempted to reconcile the questions presented and argued in the briefs with the issues presented by the pleadings and adjudged in the final entry of the court and have found it a difficult undertaking.

Quite early it was held, in the case of **Reynolds v. Morris, 7 Oh St 310,** that proof without allegation is as ineffective as an allegation without proof. It might be added that a judg-

ment is ineffective, with certain exceptions which are not found here, if it adjudicates issues not made by the pleadings.

The principal issue as drawn between the plaintiff and defendant d. b. n. by the pleadings is that the statements of Schnippel in his application for appointment as administrator to the effect that Anna Grier had no next of kin constituted fraud upon the court. There is no proof that even though this statement was untrue, it was fraudulently made. But as we have said, it was not untrue. If it had been, even though not fraudulently made, it would, in probability, support the prayer of the petition. There is no other fraud averred, although it is claimed that the sale of the real estate to the purchaser was irregular in that the purchase price was far below its market value. The court had full right to resolve this question against the contention of the plaintiff.

The vital questions going to the irregularity of the proceedings incident to the appointments of the fiduciaries, and particularly to the sale of the real estate, are not projected by the pleadings although the judgment entry disposes of all them. There is no issue drawn whether there were any debts of the estate of Anna Grier. The petition to sell the real estate avers that there were no debts of the estate. This proceeding was a separate action.

Obviously the claim of Division of Aid for the Aged was not a debt of the estate of Anna Grier. The Division did not so claim. This debt was not contracted until after Anna Grier's death, and she at no time was a party to any contract assuring a payment of the claim of the Division. Of course, it was a claim against the estate of Charles Grier and had preference over any other claim of his creditors.

The status of the so-called exemption set-off to Charles J. Grier is interesting. There is no doubt that a set-off to a widower under §10509-4 GC, if properly made, may be classified as a debt and a preferred claim against an estate. **Davidson v. The Miners and Mechanics Savings and Trust Co., Exr., et al., 129 Oh St 418.** The principle is sound as applied to the facts in the cited case, but what application does it have to the facts developed in the instant cause? A debt is something owing from one to another. If it has been liquidated it ceases to exist. When Anna Grier died she was seized of but one possession, viz; the remainder in fee of the real estate here under consideration. Upon her death it passed immediately to her spouse, Charles Grier. No sale of the real estate should be made except where it is necessary to pay decedent's debts—not debts of her spouse or costs of administration. **Nolan, Exrx., v. Kroll, 37 Oh Ap 350.**

Upon Anna Grier's death Charles Grier succeeded to, and, for almost four years prior to the application for the appointment of the administrator, held full and complete title to the land to which he inherited. He could have sold it or mortgaged it. He made no application for an appointment of an administrator of his deceased wife. Why should he? He possessed all that she had left upon her death, and 'it was worth much more than $500. If he had brought about the administration of his dead wife's estate, what advantage would there have been to him by having $500 set off, and as there was no money or personal property in the estate from which to pay him, have that sold which he owned wholly so that he could be paid a part of its value? If Grier had creditors they did not have to take the cumbersome and unnecessary procedure of having a set-off to him so that they might be paid.

The cases with which we are familiar wherein the exemption has been set off to the surviving spouse under §10510-54 GC, involved estates wherein the surviving spouse did not take all of the property of the decedent.

There is another aspect of this case which is unusual. In the answer of Keyt, Executor, he set up the incompetency of plaintiff and directed the attention of the court to the fact that she was not qualified to appreciate her rights and that they should be explained to her. When this was suggested the court then should have satisfied himself of its truth or otherwise. Had it been determined that Mary Wimmer was incompetent, the court should have named a guardian ad litem for her. Had plaintiff been advised of her rights she could have given a bond to the administrator conditioned to pay all debts due from the estate and the charges of administration. Had she done this she could have avoided the sale of the real estate and the considerable costs incident thereto. Strangely enough, the incompetency of the plaintiff is not set up in the amended petition and, of course, to do so would have disqualified her to be appointed as administratrix. On the other hand, the trial judge found that plaintiff was incompetent to act as administratrix, but failed to pursue the inquiry as to the extent of her incompetency in the action to sell the real estate.

The record is permeated with inconsistent and unusual developments. It cannot be read without the conviction that timely action, either by plaintiff or by someone acting for her, would have protected her interests and terminated the administration before the sale of the real estate. However, plaintiff had notice of the action to sell the real estate and

failed to act when such action was required. This failure did not estop her to question the jurisdiction of the court either as to the appointment of the administrator or the action to sell the real estate. The former she challenged; the latter she did not.

During the proceedings in the trial court the court's attention was directed by motion to the claim of the administrator d. b. n. that the action was controlled by §11631 GC to set aside a judgment after term. The court held against this claim and decided the motion upon the theory that there were two questions raised; one, fraud in the appointments of the fiduciaries, and the other, the jurisdiction of the court to make said appointments.

We have discussed several of the questions briefed. They cannot be properly invoked to accord the plaintiff the relief prayed, and are insufficient to support a reversal of the judgment. They are, however, germane to the judgment entry which goes beyond the scope of the issues presented in the pleadings.

It may be noted that the decision of the trial judge does not attempt to determine all the propositions of law carried into the judgment entry. The last paragraph of the decision is:

"The petition of the plaintiff will therefore be dismissed * * * the appointments of the administrator, Gus Schnippel, and James DeWeese, as administrator de bonis non, approved and confirmed."

That part of the entry should be stricken which recites that:

"And all proceedings in connection therewith were made in conformity with the provisions of law relating thereto, and the court does further find that the proceedings to sell real estate belonging to the within decedent were made by said fiduciary in accordance with the provisions of law relating thereto."

and a part of the last four lines of the entry reading:

"And it is further ordered that the proceedings for the sale of real estate belonging to Anna A. Grier, deceased, be and the same are hereby approved and confirmed."

As modified the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.