In re Estate of Kelly: Hunzicker et al., Appellants, v. Micklethwaite et al., Appellees.

(No. 5471—Decided October 4, 1956.)

*Mr. Aaron J. Halloran,* for appellants, Paul J. McDonald and others.

*Messrs. Graham, Graham, Gottlieb & Johnston,* for appellees, Raymond C. Micklethwaite, Chester A. Micklethwaite and Hazel Micklethwaite Melick.

Miller, P. J. This is an appeal on questions of law from a judgment of the Probate Court of Franklin County overruling a motion of Paul J. McDonald seeking an order removing Chester A. Micklethwaite as coadministrator of the estate of Dennis Raymond Kelly and appointing McDonald as coadministrator. The record reveals that Kelly died intestate, leaving no surviving spouse, brothers, sisters or lineal descendents, but that he did leave as next of kin two uncles, one aunt and many others more distantly related. It further appears that an uncle of the decedent, residing in Muskingum County, is an appellee herein, and that a second cousin residing in Franklin County is an appellant herein. The trial court determined that this appellant is not an heir at law, which judgment was affirmed by our Supreme Court* which approved the finding of the Probate Court that this appellee and another brother and

---

*See *In re Estate of Kelly,* 165 Ohio St., 259.

sister are the sole heirs at law and entitled to all the estate, to wit, a one-third share each.

The question presented is whether the appellant is a "next of kin" within the meaning of Section 10509-3, General Code (Section 2113.06, Revised Code), the provisions of which are mandatory. See *In re Estate of Golembiewski,* 146 Ohio St., 551, 67 N. E. (2d), 328. The pertinent part of the cited section of the Code is as follows:

"Administration of the estate of an intestate shall be granted to persons hereinafter mentioned, in the following order:

"1. To the surviving spouse of the deceased, if resident of the state.

"2. To one of the next of kin of the deceased, resident of the county.

"3. To one of the next of kin of the deceased, resident of the state."

This court has held that the words, "next of kin," as used *supra,* mean only those persons who are entitled to inherit some portion of the estate. See *In re Estate of Fields,* 44 Ohio Law Abs., 284, 65 N. E. (2d), 70; *Wimmer* v. *DeWeese, Admr.,* 62 Ohio Law Abs., 577, 108 N. E. (2d), 165. The same legal principle has been pronounced in other jurisdictions in this state, to wit, *Russell, Admr.,* v. *Roberts,* 54 Ohio App., 441, 7 N. E. (2d), 811; *In re Estate of Cassell,* 53 Ohio Law Abs., 65, 83 N. E. (2d), 72; *In re Estate of Applegate,* 61 Ohio Law Abs., 277, 100 N. E. (2d), 322.

In 18 Ohio Jurisprudence, 97, Section 50, it is said:

"After the surviving spouse, one of the next of kin of the intestate is entitled to appointment, if resident in the state, with preference to those resident in the county. The words 'next of kin,' mean those relatives who, at the time of appointment, would inherit in case of intestacy. Hence, children and other relatives of such persons, *in esse,* are not included."

Counsel for the appellant relies upon the case of *In re Estate of Golembiewski, supra* (146 Ohio St., 551), and especially the fifth paragraph of the syllabus thereof, which provides:

"The right of priority of such next of kin is not dependent upon the extent of his interest in the assets of the estate."

However, we are of the opinion that the facts in the cited case are distinguisable from the facts in the case at bar in that Golembiewski's father, whose appointment as administrator was ordered to be considered, did have an interest in the estate because he inherited a portion of the same. The Supreme Court held that the extent of his interest made no difference, but it did not hold that if he had no interest he would be entitled to priority in the appointment. In the case at bar the appellant has no interest whatsoever in the estate and he inherits nothing. Counsel for the appellee also urge, and we think properly so, that, since the appellant has no interest in the estate whatever, he is a complete stranger and consequently has no capacity to attack the appointment, and they cite Section 2307.05, Revised Code, which reads in part as follows:

"An action must be prosecuted in the name of the real party in interest, except as provided in Sections 2307.06 to 2307.08, inclusive, of the Revised Code."

It appears to be the basic law of Ohio that before a person is entitled to involve himself in a legal proceeding he must have an interest in the subject matter of the proceeding. Should the rule be otherwise litigation would become extremely complicated and cluttered with persons having no real interest in the outcome of the action. This legal principle is found in the second paragraph of the syllabus of the case of *Petitt* v. *Morton*, 28 Ohio App., 227, 162 N. E., 627, to wit:

"There can be no suit in law or equity if the plaintiff has no capacity to sue, and such capacity is determined by whether he has an interest in the subject matter of the action."

We adhere to our prior rulings that a kin of the decedent must have a pecuniary interest in the estate before he is entitled to any priority in the appointment of an administrator under Section 10509-3, General Code (Section 2113.06, Revised Code).

As we find no error in the record, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK and WISEMAN, JJ., concur.