IN RE ESTATE OF ROBERTSON, F.K.A. GEMMEL, APPELLEE; ROBERTSON, APPELLANT.

(No. 49212—Decided July 15, 1985.)

*Jerry P. Hontas,* for appellee.

*Barragate & Barragate* and *Michael I. Greenwald,* for appellant.

CORRIGAN, C.J. Sandra Sue Robertson was killed in a car crash on April 21, 1984. She was survived by her four minor children: Oliver III, born August 27, 1971; Mary Elizabeth, born September 16, 1973; Roger Neil, born June 30, 1977; and John Robert, born September 12, 1980.

The natural father of these children, Oliver Gemmel, Jr., was divorced from decedent on August 10, 1983.

On April 23, 1984, Oliver Gemmel, Jr. applied for and was granted letters of authority to administer decedent's estate in probate court.

On or about April 25, 1984, Roger Robertson, brother of the deceased, attempted to file letters of administration. The document included waivers by the decedent's remaining two brothers and sister as well as her mother and father.

On April 27, 1984, Robertson filed a motion to vacate the order appointing Oliver Gemmel, Jr. administrator of the estate. A hearing on this motion was conducted before a referee on June 6, 1984.

The referee's report dated June 25, 1984 indicated that Oliver Gemmel, Jr. was not suitable to serve as the administrator of the estate since he was the father of the minor children who are the only persons entitled to inherit. Further, R.C. 2111.09 precludes the administrator of an estate from being appointed guardian of the estate of the minors.

Oliver Gemmel, Jr. responded with objections to the referee's report on July 10, 1984. On July 18, 1984, Robertson filed a reply brief to the objections.

After a hearing, in a judgment entry dated August 17, 1984, the court sustained the objections to the referee's report and overruled Robertson's motion to vacate. The court rendered findings of fact and conclusions of law on September 19, 1984.

Roger Robertson has filed this appeal and raises the following as assignments of error:

"I. The trial court erred in overruling the appellant's motion to vacate appointment of administrator.

"II. The trial court erred in overruling the decision of the trial referee and thereby appointing the decedent's ex-husband as administrator of the estate."

Both assignments of error shall be considered together since they deal with the propriety of the trial court's conclusion that Oliver Gemmel, Jr. is entitled to be the administrator of the estate of Sandra Robertson.

Our analysis commences with the provisions of R.C. 2113.06 which provides:

"Administration of the estate of an intestate shall be granted to persons mentioned in this section, in the following order:

"(A) To the surviving spouse of the deceased, if resident of the state;

"(B) To one of the next of kin of the deceased, resident of the state.

"If the persons entitled to administer the estate fail to take or re-

nounce administration voluntarily, they shall be cited by the probate court for that purpose.

"If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person who is a resident of the state. Such person may be a creditor of the estate.

"This section applies to the appointment of an administrator de bonis non."

Since there was no surviving spouse to administer the estate, administration should be placed with the next of kin.

"Next of kin" for purposes of this statute has been defined to encompass only those persons who are entitled to inherit all or some portion of the estate of the deceased. *In re Estate of Kelly* (1956), 102 Ohio App. 518 [3 O.O.2d 56].

Pursuant to R.C. 2105.06, the statute of descent and distribution, the four minor children are the only persons entitled to inherit from the deceased's estate:

"When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, the personal property shall be distributed, and the real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

"(A) If there is no surviving spouse, to the children of the intestate or their lineal descendants, per stirpes; * * *."

Since none of the children by reason of his minority could serve as administrator, the administration of the estate should be committed to a "suitable person," pursuant to R.C. 2113.06.

In its findings of fact and conclusions of law, the court found that ap-

pellee was such a suitable person to administer the estate. The court also found that there was no evidence whatsoever impugning the moral character of appellee or any evidence of a criminal record or any other reason which would affect his fitness to serve as administrator of the estate.

We also note that the findings of the referee do not indicate otherwise. Instead, the referee concluded that appellee was not permitted to administer the estate for the sole reason that R.C. 2111.09 precludes the administrator of an estate from also being appointed guardian of the estate of the minors.

R.C. 2111.09 provides:

"Unless expressly appointed or designated to act both as guardian and executor by a last will in writing, no person who is or has been an administrator or executor of a last will shall, prior to the approval of his final account as such executor or administrator, be appointed a guardian of the person and estate or of the estate only of a ward who is interested in the estate administered upon or entitled to an interest under such will, except that a surviving spouse may be executor or administrator of the deceased spouse's estate and also guardian of the person and estate or of the estate only of a minor child of such surviving spouse, whether or not such minor child is interested in the estate of the deceased spouse. But an executor or an administrator may be appointed a guardian of the person only of a ward."

The court's findings of fact indicate that immediately following the death of their mother, the minor children commenced residing with appellee. A hearing was conducted on June 6, 1984 in the domestic relations division of the common pleas court after which appellee formally obtained custody of the children, effective April 30, 1984.

R.C. 2111.09 addresses itself to the situation where an individual, not the spouse of the deceased, has been ap-

pointed both administrator of the estate *and* guardian of the person and estate or of the estate only.

"Guardian" is defined in R.C. 2111.01(A) as follows:

" 'Guardian,' other than a guardian under sections 5905.01 to 5905.19 of the Revised Code, means any person, association, or corporation appointed by the probate court to have the care and management of the person, the estate, or both of an incompetent or minor, or the department of mental retardation and developmental disabilities, an agency under contract with the department for the provision of protective service under sections 5123.55 to 5123.59 of the Revised Code, or the legal rights service created by section 5123.60 of the Revised Code when appointed by the probate court to have the care and management of the person of an incompetent."

In the case before us, Oliver Gemmel, Jr. was found to be a suitable person to administer the estate of his ex-wife. He has not been appointed guardian by the probate court within the meaning of R.C. 2111.09 and 2111.01. The prohibition in the statute does not address itself to the situation in the instant case. The question of the person to serve as the guardian of the estates of the minor children for the distribution of any benefits or funds they may receive from their mother's estate remains open.

We find that the trial court did not err in overruling appellant's motion to vacate the appointment of the administrator. Oliver Gemmel, Jr. may lawfully administer the estate of Sandra Sue Robertson.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN McMANAMON and PATTON, JJ., concur.