**In the Matter of Estate of Ward**
*[Cite as 8 AOA 123]*

*Case No. 15-89-14*

*Van Wert County, (3rd)*
*Decided December 3, 1990*

Donald J. Johnson, Johnson & Burchfield, 113 N. Washington Street, Van Wert, Ohio 45891, for Appellant.

Charles F. Kennedy, III, 101 East Main Street, Van Wert, Ohio 45891, for Appellee.

EVANS, J.

This is an appeal from a decision of the Court of Common Pleas of Van Wert County, Probate Division, in which the court substituted Appellee, Norma Trisel, mother of the decedent, for Appellant, Dennis Trisel, ex-stepfather of the decedent, as administrator of the decedent's estate.

The parties stipulated to the following facts:

"1. Ben Ward died July 8, 1989, a resident of Van Wert County.

"2. The deceased was survived by:

"a) Casey Ward, a four year old daughter living with her mother and ex-wife of deceased in Decatur, Indiana.

"b) Norma Trisel, mother, living in Rockford, Ohio.

"c) Robert Ward, father, living in Phoenix, Arizona.

"d) Jennifer Ward, sister, living in Van Wert, Ohio.

"3. Ben Ward died without a will.

"4. Administrator Dennis Trisel was previously married to Norma Trisel and therefore an ex-step father of deceased but not a relative. The deceased was apparently living with Dennis Trisel at the time of his death.

"5. The only asset of the estate is a potential wrongful death action."

Dennis Trisel applied for and was appointed administrator of the estate. His application listed only the minor daughter, a resident of Indiana, as next of kin. The court appointed the applicant without a hearing. Upon publication of the notice of the appointment, Appellee filed

her own application and a motion to have the Appellant removed.

The court found that the mother had a possible interest in the estate under the provisions of R.C. 2125.01 et seq. and that next of kin should be appointed over a nonrelative. Accordingly, the court granted the Appellee's motion to remove the Appellant as administrator and granted her application for appointment.

The Appellant's sole assignment of error states:

"THE TRIAL COURT ERRED WHEN IT SUBSTITUTED THE APPELLEE NORMA JEAN TRISEL FOR THE APPELLANT DENNIS TRISEL AS ADMINISTRATOR FOR THE ESTATE OF BEN WARD."

The applicable statute, R.C. 2113.06, governs the appointment of administrators and lists preferences for appointment. It reads:

"Administration of the estate of an intestate shall be granted to persons mentioned in this section, in the following order:

"(A) To the surviving spouse of the deceased, if resident of the state;

"(B) To one of the next of kin of the deceased, resident of the state.

"***

"If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person who is a resident of the estate. ***"

In addition to R.C. 2113.06, we find *In re Estate of Golembiewski* (1946), 146 Ohio St. 551 to be controlling authority in this case. The, statute in *Golembiewski* listed, for all practical purposes, the same order of priority in appointing an administrator as does R.C. 2113.06. That case involved a priority dispute between the decedent's father and she surviving spouse's father (nonrelative to the decedent). The estate contained only a claim for wrongful death with a possible suit for personal injuries. The Ohio Supreme Court held that the probate court erred in not naming the father of the decedent as the estate's administrator. The surviving spouse, a minor, was incompetent to serve, so the father, as next of kin, was next in priority for appointment.

We find the facts of this case to sufficiently parallel those of *Golembiewski* to require the same result. The dispute *sub judice* involves the decedent's mother and the decedent's ex-stepfather, a nonrelative. The only asset of the estate is a claim for wrongful death. With no surviving spouse, a resident next of kin is next in priority. See R.C. 2113.06. Therefore, the Appellee is entitled to be appointed administrator over the Appellant. Appellant's assignment of error is not well taken and is overruled.

Having found no error prejudicial to the Appellant in any of the particulars assigned and argued, we overrule the Appellant's assignment of error and affirm the ruling of the Court of Common Pleas of Van Wert County, Probate Division.

*Judgment affirmed.*

SHAW, P.J., and BRYANT, J., concur.