[Cite as *In re Estate of Williams*, 2020-Ohio-5064.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Estate of | : | |
| Robert David Williams, | : | No. 20AP-50 |
| | | (Prob. No. 598447) |
| (Linda Humphrey, | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on October 27, 2020

**On brief:** *Kisling, Nestico & Redick, LLC, Christopher J. VanBlargan*, and *Bradley A. Somogyi*, for appellant Linda Humphrey.

**On brief:** *Mark C. Brookes*, for appellee Elizabeth Moorman.

APPEAL from the Franklin County Court of Common Pleas, Probate Division

NELSON, J.

{¶ 1} This case involves a statutory phrase that traces back to legislative use in much the same context from at least 1840, only some 37 years after Ohio joined the union. Especially because we cannot say that the uniform construction that Ohio courts have attached to this usage over the last century-plus is clearly wrong, or even that it defies practicable workability, we are loath to upend our own precedents or challenge those from other appellate districts across the state that regularly and consistently have informed probate determinations regarding an aspect of estate administration.

{¶ 2} The phrase put at issue by the intriguing briefs of appellant Linda Humphrey is "next of kin" in the context of who has priority for appointment to administer the estate of someone who has died without leaving a will. Ohio's statute provides that "[a]dministration of the estate of an intestate shall be granted to persons * * * in the following order:  (1) To the surviving spouse of the deceased, if resident of the state; (2) To one of the next of kin of the deceased, resident of the state." R.C. 2113.06(A).  If there are

no such persons, or if those with priority are unsuitable or neglect to apply for the responsibility within a reasonable period of time, "the court shall commit the administration to some suitable person who is a resident of the state" (or to the attorney general in circumstances under which the department of Medicaid seeks to recover costs from the deceased).  R.C. 2113.06(C) (adding that the "person granted administration may be a creditor of the estate").

{¶ 3}   Here, the facts are largely undisputed, and while very sad, for purposes relevant to statutory application they fit within a paradigm that Ohio courts have addressed many times.  David Williams died intestate after "a motor vehicle accident [allegedly] caused by the negligence of a commercial truck driver."  Appellant's Brief at 4.  He was survived by his minor daughter and by his parents, the Humphreys.  *Id.*; *see also* January 22, 2020 Judgment Entry Overruling Objections to the Magistrate's Entry at 1. "[A]ll parties agree that decedent's minor child [his daughter] will inherit all estate assets" under the Statute of Descent and Distribution.  January 2, 2020 Judgment Entry at 2; *see also* Appellant's Brief at 4.

{¶ 4}   The mother of that sole heir, Mr. Williams's ex-wife appellee Elizabeth Moorman, filed an application on June 13, 2019 to administer the estate.   Her application listed Mr. Williams's daughter as the only "next of kin," and the probate court granted it the same day.  *See* June 13, 2019 Entry Appointing Fiduciary: Letters of Authority.

{¶ 5}   Six days later, Mr. Williams's mother Ms. Humphrey filed a motion to remove Ms. Moorman as administrator and to fill that role herself.  June 19, 2019 Motion to Remove.  A magistrate noted that Ms. Humphrey asserted priority both "as an in-state next of kin and [along with Mr. Williams's daughter, as a] wrongful death beneficiary" who had not received notice of or consented to Ms. Moorman's appointment.  August 1, 2019 Magistrate's Decision at 3.  The magistrate further noted that "Ms. Humphrey does not allege that Ms. Moorman would mismanage Mr. Williams'[s] estate," and that "on July 19, 2019, Ms. Moorman filed Mr. Williams'[s] death certificate [having earlier submitted an obituary] and [as the daughter's mother and natural guardian] a waiver of [the daughter's] right to administer." *Id.*   Assessing the facts and the law, the magistrate confirmed that "[t]he statute at the time of death of Mr. Williams provides that when an individual dies

intestate without a surviving spouse and with children, then the children inherit the entirety of the estate, per stirpes. R.C. 2105.06(A)." *Id.* at 6.

{¶ 6} The magistrate therefore denied Ms. Humphrey's motion, citing precedent from this and other appellate districts that "next of kin" in the context of statutory priority for appointment of an administrator "means those persons who are entitled to inherit from the decedent under the laws of intestacy." *Id.* at 5, citing *In re Estate of Kelly*, 102 Ohio App. 518, 519 (10th Dist.1956), and citing as comparable cases *Blevins v. Fueston*, 1st Dist. No. 102, 1976 Ohio App. Lexis 8593 (June 14, 1976); *In re Estate of Robertson*, 26 Ohio App.3d 64 (8th Dist.1985); *In re Estate of Jones*, 4th Dist. No. 09CA879, 2009-Ohio-4457. With Mr. Williams's daughter his only "next of kin" for this purpose, and with her being unable to serve as administrator "because she is a minor," the magistrate found that "no individual has priority to serve as Administrator and the administration of Mr. Williams's estate must be committed to some suitable person who is a resident of Ohio." *Id.* at 6-7. Ms. Moorman fit that bill; no proper grounds to remove her were presented; her initial failure to file the death certificate and waiver had been rectified; and Ms. Humphrey had not been entitled by statute to notice or hearing on Ms. Moorman's appointment "because Ms. Humphrey lacked priority to serve as administrator." *Id.* at 7-8.

{¶ 7} Ms. Humphrey promptly objected to the magistrate's decision. The probate court overruled those objections as "without merit," and affirmed and adopted the magistrate's decision. January 9, 2019 Judgment Entry at 5. "Ohio law is clear," the probate court determined, "that 'next of kin' for estate inheritance purposes is the decedent's daughter, and the decedent's daughter alone." *Id.* at 3-4 (citing *Kelly, Robertson, Jones,* and *Blevins*). "There is no one else with 'priority' " other than the minor child: "Because no individual with priority can serve as administrator, the court must appoint 'some' suitable person who resides in this State." *Id.* at 4. Ms. Moorman is such a person, and she not only applied first "but she is also the mother and custodian of the *sole beneficiary of decedent's estate.*" *Id.* (emphasis in original). Ms. Humphrey's status as "a potential beneficiary [along with Mr. Williams's daughter] in the wrongful death action," the probate court explained, gives her no priority as a legal heir of the estate because, while an estate administrator pursues such an action, the actual proceeds from a wrongful death action would inure to individual beneficiaries and "are simply not considered assets of the

'estate.' " *Id.* at 4-5 (adding at 5 that "[t]he application to settle a claim for wrongful death and the apportionment of the proceeds are two distinct matters").  With "no allegations or other evidence to suggest that Ms. Moorman will mismanage the decedent's estate," the probate court found "no reason * * * to remove her." *Id.* at 6.

{¶ 8}    Appealing from that decision, Ms. Humphrey advances what she casts as three assignments of error:

> [1.] In deciding that Linda Humphrey, the mother of Decedent, Robert David Williams, did not have priority over Elizabeth Moorman, Decedent's ex-wife, to administer Decedent's Estate, the Probate Court erred in finding that the phrase 'next of kin' used in Revised Code Section 2113.06(A)(2) is synonymous with 'heirs' rather than meaning the decedent's nearest relatives.
>
> [2.] As Humphrey qualifies as Williams' 'next of kin' under Revised Code Section 2113.06(A)(2), the Probate Court erred in appointing Moorman as administrator without giving Humphrey notice, waiting a reasonable time, or holding a hearing as required by subsection (B) and (C) of the statute.
>
> [3.] The Probate Court abused its discretion in arbitrarily refusing to enforce Local Rule 57.10 which requires persons opening an estate and applying to serve as administrator or executor to file a copy of the decedent's death certificate unless there is good cause for the applicant's non-compliance.

{¶ 9}    Because Ms. Humphrey's first and second assignments both hinge on the question of whether she qualifies as a "next of kin" under R.C. 2113.06(A)(2), we consider them together.   And because that issue of statutory interpretation presents purely a question of law, with Ms. Humphrey conceding that Ms. Moorman "is a 'suitable person' " should neither have priority as "next of kin," *see* Appellant's Brief at 8, fn. 2, we consider the issue afresh without deference to the reading of the probate court.

{¶ 10}   Ms. Humphrey is frank to concede that "[a]dmittedly, there are a number of decisions, including this Court's decision in *In re Estate of Kelly*, holding that 'next of kin,' **as used in the Section 2113.06(A)(2)**, means 'ordinarily those persons who take the estate of the deceased under the statutes of descent and distribution.' "  Appellant's Brief at 17 (emphasis in original).  But those cases are wrong, she argues:  the Revised Code uses the same phrase elsewhere to different effect (designating "a decedent's spouse and nearest

* * * relatives," *see* Appellant's Brief at 13 and fn. 1 [citations omitted]); there is no reason to give the phrase as used here a "technical" interpretation different from its plain and ordinary meaning, *see id.* at 8, 17; and her preferred meaning would further a "presumed legislative intent of giving priority to persons closely related to the decedent to handle the sensitive task of administering the decedent's estate," *id.* at 19; *see also* Reply Brief at 4 ("*Kelly* court set aside the canons of statutory construction and adopted a specialized meaning for this term not based on the language of the statute or any indicia of legislative intent, but instead on its dubious reading of a single word used in a single sentence by the Supreme Court of Ohio in [*In re Estate of Golembiewski*, 146 Ohio St. 551 (1966)]").

{¶ 11} Although we admire the straightforward form of argument and its willingness to challenge our understandings, we are not persuaded here to unravel the fabric of significant, longstanding, and well understood precedent.

{¶ 12} As backdrop, we observe, as did the magistrate, that application of the phrase "next of kin" has frequently been triggered in this sort of context involving only (1) a legal heir or heirs too young to serve as administrators and (2) other close relatives who do not qualify as heirs under the laws of descent and distribution but who seek priority to claim the administrator roles. In those situations, Ohio courts seem uniformly to have found no qualifying "next of kin" and therefore have appointed some "suitable person," whether or not a blood relation, to serve as administrator.

{¶ 13} Thus, for example, in *Robertson* the intestate decedent's brother appealed a decision to appoint as administrator the decedent's ex-husband who was the father of the four minor children who were "the only persons entitled to inherit from the deceased's estate." 26 Ohio App.3d at 66. The Eighth District Court of Appeals affirmed the probate court's decision. "Since there was no surviving spouse to administer the estate, administration should be placed with the next of kin. 'Next of kin' for purposes of [R.C. 2113.06] has been defined to encompass only those persons who are entitled to inherit all or some portion of the estate of the deceased." *Id.*, citing *Kelly*.

{¶ 14} Just as *Robertson* mirrors this case, so does *Blevins.* There, appointment of the intestate decedent's ex-wife (the mother of his four minor children) was challenged by his brother. Affirming the probate court's judgment, the First District Court of Appeals also cited *Kelly* and held that "the term 'next of kin' as used in R.C. 2113.06 refers to those

persons who are entitled to inherit all or some portion of the estate of the deceased, and that a person who is entitled to inherit nothing from the estate has no priority in appointment as administrator of the estate."  1976 Ohio App. Lexis 8593, at *2-3 (also citing 22 Ohio Jurisprudence 2d, Executors and Administrators, Section 49).   "[N]either the brother nor the former wife of the decedent were entitled to priority of appointment under the statute," the appeals court noted, and so the probate court had not erred.  *Id.* at *3.  "The principle which lies at the foundation of the preferences in the statute is that administration should be granted to those who eventually will be entitled to the property – those who are most interested in the estate."  *Id.*

{¶ 15}  And in *Jones,* the Fourth District Court of Appeals adopted the same analysis and cited *Kelly, Robertson,* and *Blevins*, among other authorities, in dismissing the appeal of an ex-wife from the appointment and failure to remove the decedent's sister as administrator.   2009-Ohio-4457.  The minor children were "the only parties entitled to inherit the decedent's estate and, as such [with that often misused phrase employed correctly in this context], are the only next of kin for purposes of R.C. 2113.06.  Because neither [the ex-wife nor the sister is] entitled to inher[it] anything under the estate, neither [is] entitled to priority of appointment."  *Id.* at ¶ 21.

{¶ 16}  These cases all cited *Kelly*, but *Kelly* drew on precedent, too, and was by no means the first decision to observe that for purposes of the statute regarding appointment of an administrator, the words "next of kin" signify (in Kelly's words) "those relatives who, at the time of appointment, would inherit in case of intestacy."  102 Ohio App. at 519.  To her credit again, Ms. Humphrey traces the Ohio rule to *Russell v. Roberts*, 54 Ohio App. 441, 447 (4th Dist.1936) ("next of kin are those relatives of a deceased who inherit"), but it goes back farther still.

{¶ 17}  Statutory law fairly analogous to R.C. 2113.06 traces to at least March 23, 1840 and 38 Laws, 147-49, Ch. 341, Sec. 12 ("Administration of the estate of an intestate shall be granted to some one or more of the persons hereinafter mentioned; and they shall be respectively entitled thereto, in the following order, to wit:  First – His widow, or next of kin, or both * * *;  Secondly – * * * one or more of the principal creditors * * *; Thirdly – * * * to such other person as [the court] shall think fit").  By 1883, reviewing that statute as only cosmetically revised in Rev. Stat. 6005, the Supreme Court of Ohio already was

interpreting those provisions "to intrust the administration to those who are most interested in the estate." *Todhunter v. Stewart*, 39 Ohio St. 181, 183 (1883).  And at least by 1903 – well over a century ago, and within a person's lifetime of the statute as it stood in 1840 – judicial construction of "next of kin" in this context was essentially what our modern case law directs:  the Franklin County Court of Common Pleas  recited that its "construction of Sec. 6005 is that 'next of kin means those relatives who, at the time of appointment, would inherit in case of intestacy.' " *McCallip v. Sharp*, 13 Ohio Dec. 650, 652 (Franklin C.P. 1903) (adding, without reference to specific law of descent, "[t]herefore children and other relatives of any such person, *in esse*, are not embraced").  And this understanding was not wholly unique to the administrator appointment context. *Compare Wilson v. Allaman,* 28 Ohio Dec. 525, 532, 540 (Montgomery C.P. 1917) (will construction case, interpreting "heirs at law" to have recourse to the statutes of descent and distribution, and referencing older English law and Massachusetts authority for proposition that " 'rule seems to have been evolved by holding that the word 'heirs,' when applied to the devolution of personal property, means next of kin, and that the words 'next of kin' in such cases means those who would take personal property under the statute of distribution' "); *In re Guardianship of Jones*, 1939 Ohio Misc. Lexis 904 (Franklin Co. App.1939)  (different context; "heirs at law" would be "next of kin" if object of guardianship were dead).

{¶ 18}  Of the cases decided within a century of the 1840 mark, the most important for purposes of this matter may be *Shannon v. Hendrixson*, 1935 Ohio Misc. Lexis 1109 (1st Dist.1935).  That case, again, was very much like this one.  The only heir at law was a minor daughter, whose custodian applied to administer the estate.  So did the deceased's brother. Construing what at that point was G.C. 10509-3 (giving priority of appointment (1) to a surviving spouse, (2) to one of the next of kin of the deceased, resident of the county, (3) to "one of the next of kin of the deceased, resident of the state," and (4) absent a suitable candidate from that list, to a suitable person from the county), the court found that because there was no surviving spouse, and because the only "next of kin" was the minor daughter who lacked capacity to serve, "this exhausts the [statutory] priority" and thus gave the probate court discretion to select a suitable administrator resident in the county.  *Id.* at *3-4.  The brother's argument "that administration should be kept in line of succession would mean * * * reading into the statute the proposition that where the next of kin lacks capacity to be appointed administrator, the nearest relative in the direct line would be entitled to

priority in the appointment.  While the court may construe statutes that are ambiguous, it may not change the plain reading thereof.  We find no authority in the law giving the brother * * * a prior right to administration."  *Id.* at *4.

{¶ 19} Ms. Humphrey directs us to no court that has deviated from that understanding.  The Second District Court of Appeals in *In re Estate of Fields*, 1944 Ohio App. Lexis 492, *5 (November 21, 1944) quoted from *McCalip* in reiterating that " '[t]he words "next of kin" as used in [the statute] mean those relatives who, at the time of appointment, would inherit in case of intestacy.' "  *In re Estate of Golembiewski*, 146 Ohio St. at 554 and paragraph five of the syllabus, did not center directly on this question, but ruled that where two candidates for administrator each had an interest in the assets of the estate, their relative priority was "not dependent upon the extent" of the interest of each. *In re Estate of Applegate*, 61 Ohio Law Abs. 277 (Hamilton Co. Probate 1951) echoed *Fields* in finding that "the words 'next of kin' mean those relatives who, at the time of the appointment, would inherit in case of intestacy, and that in its practical use the term 'next of kin' has come to mean ordinarily those persons who take the estate of the deceased under the statutes of descent and distribution."  And the Second District in *Wimmer v. DeWeese*, 62 Ohio Law Abs. 577 (1951) restated that " '[n]ext of kin' is used to signify the relations of a party who has died intestate; those relatives who would inherit in case of intestacy."  *Id.* (citing *Fields*).  It elaborated:  the priority statute "relates only to the estate of an intestate which is to be administered.  Thus, the question at all times is whether or not those to be comprehended by the [next of kin provisions] would be next of kin of the deceased with respect to the estate of the deceased."  *Id.*

{¶ 20} Our court's decision in *Kelly* drew on *Fields*, and *Wimmer*, and *Russell*, and *Applegate*, and more in reciting that courts have "held that the words 'next of kin,' as used [in what by that time had become R.C. 2113.06], mean only those persons who are entitled to inherit some portion of the estate."  102 Ohio App. at 519.  Ms. Humphrey therefore is not accurate in arguing that *Kelly* "based [its] conclusion on a single word of a single sentence" in *Golembiewski*.  *Compare* Appellant's Brief at 21.  And *Kelly* went on to make another, related point:  "It appears to be the basic law of Ohio that before a person is entitled to involve himself in a legal proceeding he must have an interest in the subject matter of the proceeding.  Should the rule be otherwise litigation would become extremely complicated

and cluttered with persons having no real interest in the outcome of the action." 102 Ohio App. at 520. "We adhere to our prior rulings that a kin of the decedent must have a pecuniary interest in the estate before he is entitled to any priority in the appointment of an administrator under Section 10509-3, General Code (Section 2113.06, Revised Code)." *Id.*

{¶ 21} That has remained the construction of Ohio law up to and through the relatively recent cases across Ohio's appellate districts that have addressed the question. *See, e.g., In re Estate of Amoroso*, 8th Dist. No. 102484, 2015-Ohio-3352, ¶ 22 (adopting view of *Kelly*, *Fields,* and *Wimmer* that " '[n]ext of kin' as used in R.C. 2113.06" means " 'only those persons who are entitled to inherit some portion of the estate' "); *In re Estate of Zurface*, 12th Dist. No. CA96-03-005, 1996 Ohio App. Lexis 3356, *4-5 (citing *Applegate, Fields*, and *Robertson*; people who are "entitled to share in the estate * * * under Ohio's descent and distribution statute had [decedent] died intestate" are "next of kin for the purpose of appointing an administrator"); *Jones*, 2009-Ohio-4457 (4th District).

{¶ 22} Especially when confronted with such an overwhelming volume of precedent directly on point, stretching back to much closer in time to the enactment of the statutory phrase at issue, we would be loath under any circumstances to upend the well established interpretation. And here, we are not at all convinced that the phrase when originally adopted in this context comprehended something other than persons entitled to partake of an estate pursuant to Ohio's law of descent and distribution. We certainly are not in a position to say that this Ohio precedent across time and counties is clearly erroneous so as to overcome a presumption against overruling it. *See* Caleb Nelson, *Stare Decisis and Demonstrably Erroneous Precedents*, 87 Virginia Law Review 1 (2001); *T&R Props. v. Wimberly*, 10th Dist. No. 19AP-567, 2020-Ohio-4279, ¶ 44 ("Notwithstanding the vital role of stare decisis, there are times when it is appropriate for a court to overrule one of its own prior decisions. ' "It does no violence to the legal doctrine of stare decisis to right that which is clearly wrong. It serves no valid public purpose to allow incorrect opinions to remain in the body of our law" ' ") (citing *State ex rel. Bd. of Cty. Commrs. v. Zupancic*, 62 Ohio St.3d 297, 300 (1991) [further citation omitted]; also citing three-part test of *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2002-Ohio-5849, ¶ 48, for non-procedural issues); *Liberty Mut. Ins. Co. v. Three-C Body Shop, Inc.*, 10th Dist. No. 19AP-775, 2020-Ohio-2694, ¶ 13

("We will not depart from the doctrine of stare decisis without special justification"). Here, not only are we not satisfied that the mounds of precedent are clearly wrong, we also note that the precedents do not undermine the "workability" of the system (to quote from *Galatis* at ¶ 48). *See Kelly* (suggesting that "should the rule be otherwise" [than it is in limiting this type of priority to people entitled to recover under the laws of descent and distribution], proceedings could become "complicated and cluttered").

{¶ 23} Mrs. Humphrey does not contest the trial court's finding that she is not entitled to assets of Mr. Williams's estate. Rather, "all parties agree that [his minor daughter] will inherit all estate assets" under the Statute of Descent and Distribution. January 2, 2020 Judgment Entry at 2; Appellant's Brief at 4 ("It is undisputed that [the daughter] is Williams'[s] sole 'heir' under the Statute of Descent and Distribution with respect to the estate's limited assets"). And Ms. "Humphrey concedes [that] Moorman is a 'suitable person' as that term is used in Revised Code Section 2113.06(C)." Appellant's Brief at 8. Therefore, because Ms. Humphrey lacks priority and because nothing in the law required the probate court to elevate her above Ms. Moorman as a "suitable person" for appointment as administrator, we overrule Ms. Humphrey's first two assignments of error.

{¶ 24} Because Ms. Humphrey has no priority claim to be administrator, her standing to press her third assignment of error regarding the probate court's procedure in appointing Ms. Moorman is questionable. *See, e.g., Jones*, 2009-Ohio-4457, at ¶ 23 ("Because she inherits nothing from the estate, Appellant cannot demonstrate a present interest in the subject matter of the appeal"; appeal dismissed). She submits, however, that she was prejudiced in the selection process by the timing of the applications and she seems to suggest what she views as particularized harm in that the administrator will have a role in pursuing the wrongful death claim in which both she and Mr. Williams's daughter have an interest (*see* Judgment Entry at 4-5). The trial court was correct that "Ms. Humphrey does not have a legal interest in the estate administration." *Id.* at 5. And in any event, we discern no abuse of discretion in the probate court's application of the local rules, and that court was not required to remove Ms. Moorman as administrator.

{¶ 25} All sides agree that the application of local rules is within the sound discretion of the trial court, *see* Appellants Brief at 31; Appellee's Brief at 26, and absent evidence to the contrary we assume the regularity of court proceedings. *See, e.g.*, *Wilk v. Wilk*, 8th Dist.

No. 96347, 2011-Ohio-5273, ¶ 16. Appointment of Ms. Moorman did not contravene Ohio statue, and local rule permits the probate court at the time of application to waive exhibition of a certified copy of the death certificate for good cause; the probate court's consideration "in the ordinary course of court business" of an obituary at that time rather than the death certificate that was provided later, *see* August 1, 2019 Magistrate's Decision Denying Motion to Remove Administrator at ¶ 8-9, does not establish an unreasonable, arbitrary, or unconscionable attitude on the part of the probate court, *compare Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), that would require invalidating all the proceedings below and require us to overturn the appointment. And Ms. Humphrey provides us with no case authority that says otherwise. This is not a case of an unduly strict application of a local rule, *see Richard v. Croom*, 1st Dist. No. C-010524, 2002-Ohio-3134, ¶ 14 (application of rule cannot trump constitutional right to jury trial), cited in Appellant's Brief at 31 and Reply Brief at 9, nor should the local rule here be read to preclude waiver by the court, *see Michaels v. Michaels*, 9th Dist. No. 07CA0058-M, 2008-Ohio-2251, ¶ 14-18, as also cited by Ms. Humphrey; indeed, the local rule here explicitly authorizes the probate court to waive exhibition for what it determines is good cause shown. Moreover, Ms. Humphrey provided the probate court with "no reason" to remove Ms. Moorman as administrator and concedes that Ms. Moorman is "suitable." *See* Judgment Entry at 5-6. Finding no abuse of discretion under the circumstances demonstrated here, we overrule Ms. Humphrey's third assignment of error.

{¶ 26} Having overruled all three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division, that adopted the magistrate's August 1, 2019 decision denying Ms. Humphrey's Motion to Remove Administrator.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.

———————