OPINION JUDGMENT ENTRY
{¶ 1} Appellant Robert McClanahan appeals the sentence imposed by the Tuscarawas County Court of Common Pleas, Juvenile Division. The appellee is the State of Ohio.
 {¶ 2} On May 6, 2003, a complaint was filed in the Tuscarawas County Juvenile Court charging the appellant with two counts of gross sexual imposition in violation of R.C. 2907.05 (A)(4), felonies of the third degree. On June 3, 2003, appellant appeared for his arraignment without the assistance of counsel. The court-appointed a Public Defender to represent the appellant. Appellant denied the charges set forth in the complaint and the matter was set for an adjudicatory hearing.
 {¶ 3} At the conclusion of the adjudicatory hearing conducted on August 8, 2003, the court found appellant delinquent by reason of the commission of both counts of gross sexual imposition as set forth in the complaint. Appellant was committed to the Department Youth Services for six months on each count to be served consecutively. Appellant was ordered to pay court costs in the amount of $102.40 and fines in the amount of $750 for each offense within 30 days of the date of the journal entry. The court ordered the Ohio Department of Youth Services to advise the court in advance of the appellant's release so that the court could schedule a hearing regarding the imposition of financial sanctions against the appellant for the cost of commitment to the Department of Youth Services. (Judgment Entry, August 8, 2003 at 4).
 {¶ 4} Appellant timely filed a notice of appeal and set forth the following two assignments of error:
 {¶ 5} "The trial court erred when it fialed to hold a hearing to determine whether Robert McClanahan, an indigent juvenile, was able to pay the sanctions imposed by the juvenile court and failed to consider community service in lieu of the financial sanctions in violation of R.C. 2152.20
 {¶ 6} "Robert McClanahan was denied his constitutional rights to due process and the equal protection of the law when the trial court ordered robert to pay a fine and court costs without first determining his present and future ability to pay the amount of the sanction."
 I., II. {¶ 7} In his first assignment of error, appellant maintains that the trial court erred by imposing financial sanctions against him without conducting a hearing to determine his ability to pay the sanctions. The financial sanctions in the case at bar include fines, court costs and the costs of confinement. In his second assignment of error, appellant maintains that he was denied due process and equal protection of the law because the trial court is required to hold a hearing before imposing financial sanctions against an adult felon. We disagree.
 {¶ 8} R.C. 2152.20 governs fines and costs in juvenile court. In parts relevant to this appeal the statute provides: "(A) If a child is adjudicated a delinquent child or a juvenile traffic offender, the court may order any of the following dispositions, in addition to any other disposition authorized or required by this chapter:
 {¶ 9} "(1) Impose a fine in accordance with the following schedule . . .
 {¶ 10} "(h) For an act that would be a felony of the third degree if committed by an adult, a fine not to exceed seven hundred fifty dollars . . .
 {¶ 11} "(2) Require the child to pay costs . . .
 {¶ 12} "(4) Require the child to reimburse any or all of the costs incurred for services or sanctions provided or imposed, including, but not limited to, the following: . . .
 {¶ 13} "(b) All or part of the costs of confinement in a residential facility described in section 2152.19 of the Revised Code or in a department of youth services institution, including, but not limited to, a per diem fee for room and board, the costs of medical and dental treatment provided, and the costs of repairing property the delinquent child damaged while so confined. The amount of reimbursement ordered for a child under this division shall not exceed the total amount of reimbursement the child is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement. The court may collect any reimbursement ordered under this division. If the court does not order reimbursement under this division, confinement costs may be assessed pursuant to a repayment policy adopted under section 2929.37 of the Revised Code and division (D) of section307.93, division (A) of section 341.19, division (C) of section341.23 or 753.16, or division (B) of section 341.14, 753.02,753.04, 2301.56, or 2947.19 of the Revised Code.
 {¶ 14} "(C) The court may hold a hearing if necessary to determine whether a child is able to pay a sanction under this section.
 {¶ 15} "(D) If a child who is adjudicated a delinquent child is indigent, the court shall consider imposing a term of community service under division (A) of section 2152.19 of the Revised Code in lieu of imposing a financial sanction under this section. If a child who is adjudicated a delinquent child is not indigent, the court may impose a term of community service under that division in lieu of, or in addition to, imposing a financial sanction under this section. The court may order community service for an act that if committed by an adult would be a minor misdemeanor."
 {¶ 16} The primary purpose of the judiciary in the interpretation or construction of a statue is to give effect to the intention of the legislature, as gathered from the provisions enacted by application of well settled rules of construction or interpretation. Henry v. Central National Bank (1968),16 Ohio St.2d 16, 20. (Quoting State ex rel. Shaker Heights PublicLibrary v. Main (1948), 83 Ohio App. 415). It is a cardinal rule that a court must first look to the language itself to determine the legislative intent. Provident Bank v. Wood (1973),36 Ohio St.2d 101, 105. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly. Id. at 105-106. In determining legislative intent it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used.Columbus-Suburban Coach Lines v. Public Utility Comm. (1969),20 Ohio St.2d 125, 127. R.C. 1.42 states: "1.42 Common and technical usage. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."
 {¶ 17} The word "shall" is usually interpreted to make the provision in which it is contained mandatory. Dorrian v. SciotoConservancy District (1971), 27 Ohio St.2d 102, 107. In contrast, the use of the word "may" is generally construed to make the provision in which it is contained optional, permissive, or discretionary. Id. The words "shall" and "may" when used in statutes are not automatically interchangeable or synonymous. Id. To give the "may" as use in a statute a meaning different from that given in its ordinary usage, it must clearly appear that the Legislature intended that it be so construed from a review of the statute itself. Id. at 107-108.
 {¶ 18} R.C. 2152.20 does not expressly forbid the trial court from imposing a financial sanction in a case involving an indigent juvenile. The use of the word "may" in R.C. 2152.20(C) clearly gives the trial court discretion to hold a hearing.
 {¶ 19} In construing the analogous provision for adult offenders, this court has noted "[a]ppellant also argues the fines imposed by the trial court are contrary to law because she is indigent and the trial court should have determined her ability to pay the fines. Under R.C. 2929.18(E), a trial court may conduct a hearing to determine whether an offender is able to pay the sanction or is likely, in the future, to be able to pay it. The language contained in the statute, as it relates to a hearing, makes the holding of such a hearing discretionary with the trial court. Further, Ohio courts distinguish between the initial imposition of a fine and any subsequent incarceration for the non-payment of a fine. Although R.C. 2929.18(E) makes a hearing discretionary when initially imposing a fine, R.C.2947.14 mandates that a hearing be held to determine the ability to pay in the event an offender is facing incarceration due to non-payment. State v. Meyer (1997), 124 Ohio App.3d 373, 377,706 N.E.2d 378; State v. Johnson (1995), 107 Ohio App.3d 723,728-729, 669 N.E.2d 483. Ohio Courts have also recognized a distinction between an offender's ability to pay a fine and the offender's need for appointed counsel due to indigence. State v.Powell (1992), 78 Ohio App.3d 784, 789, 605 N.E.2d 1337. The difference exists in the offender's ability to raise the initial retainer needed to obtain counsel as opposed to the period of time given to gradually pay the imposed fine. Id. In the case sub judice, since the trial court only imposed the fine and did not sentence appellant for non-payment, it was within the trial court's discretion whether to conduct a hearing to determine appellant's ability to pay. However, in the event appellant is later brought before the trial court for failure to pay the fine, appellant would be entitled to a hearing as to her ability to pay. Further, under R.C. 2929.18(G), appellant may request the trial court to suspend the fine in the event she fully completes all other sanctions to the trial court's satisfaction. Accordingly, the trial court's imposition of fines totaling $3,500 was not contrary to law." State v. Johnston (July 26, 2000), 5th Dist. No. 99COA01333. See, also, State v. Berry,
Coshocton App. No. 01-CA-26, 2003-Ohio-167, at ¶ 21; State v.Schnuck (Sept. 25, 2000), Tuscarawas App. No. 2000AP020016 at 1.
 {¶ 20} Appellant was informed at his adjudicatory hearing that the trial court imposed financial sanctions, but failed thereafter to request a hearing on his ability to pay them. Moreover, appellant did not object to the fine at the adjudicatory hearing when the trial court could have considered the issue.
 {¶ 21} The trial court recognized her discretion in the matter by scheduling a hearing on the issues prior to appellant's release. (T. at 117-118). At that time appellant would have the opportunity to show that he is indigent and unable to pay the sanctions. The Court can then consider the imposition of community service in lieu of the financial sanctions at that hearing. However, as the Ohio Supreme Court has stated, with respect to the imposition of mandatory fines: "we do not believe that former R.C. 2925.11(E)(5) was intended to preclude a trial court from imposing fines on able-bodied defendants who are fully capable of work but who happen to be indigent and unemployed at the moment of sentencing. Obviously, for purposes of former R.C.2925.11(E)(5) and the current analogous provisions of R.C.2925.11(E)(1)(a) and 2929.18(B)(1), a trial court's determination whether an offender is indigent and is unable to pay a mandatory fine can (and should) encompass future ability to pay."State v. Gipson (1998), 80 Ohio St.3d 626, 636, 687 N.E.2d 750,758.
 {¶ 22} It should also be noted that pursuant to R.C.2152.20(D) "[i]f a child fails to pay a financial sanction imposed under this section, the court may impose a term of community service in lieu of the sanction." Accordingly, "inability" as opposed to "unwillingness" to pay the sanctions will not result in incarceration. See e.g. State v. Keylor,
7th Dist. No. 02 MO 12, 2003-Ohio-3491 at ¶ 17-18.
 {¶ 23} Holding a hearing on the appellant's ability to pay the financial sanctions at or upon his release from confinement is contemplated by the statute. The "cost of confinement" contained in R.C. 2152.20(A)(4)(b) includes costs for medical and dental care provided the juvenile during his confinement, and the cost of any property damaged while so confined. These amounts cannot be determined in advance of the juvenile's release. A hearing at or near the time of release will ensure that all costs allowed by the statute are properly calculated, and that those costs shall not "exceed the total amount of reimbursement the child is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement . . ." Id.
 {¶ 24} Failure of the court to order "costs of confinement" does not preclude the juvenile's liability for such costs: "[i]If the court does not order reimbursement under this division, confinement costs may be assessed pursuant to a repayment policy adopted under section 2929.37 of the Revised Code and division (D) of section 307.93, division (A) of section 341.19, division (C) of section 341.23 or 753.16, or division (B) of section341.14, 753.02, 753.04, 2301.56, or 2947.19 of the Revised Code."
 {¶ 25} Finally, Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant * * *." State v. White, 5th Dist. No. 02CA23, 2003-Ohio-2289, at ¶ 9.
 {¶ 26} Since the trial court only imposed the financial sanctions of fines, court costs and cost of confinement and did not sentence appellant for non-payment, it was within the trial court's discretion whether to conduct a hearing to determine appellant's ability to pay. In light of the trial court's decision to hold a hearing on the financial sanctions prior to appellant's release from custody any error in not considering community service in lieu of a financial sanction is harmless. Appellant's argument that the trial court's order that fines and costs must be paid within thirty days necessitated a hearing on his ability to pay is misplaced. Any attempt to enforce the fine or other financial sanction will trigger the due process and hearing requirements. See, e.g., Williams v. Illinois (1970),399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, and Tate v. Short
(1971) 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130.
 {¶ 27} As a juvenile offender is not treated any differently than an adult offender, Appellant's due process and equal protection arguments must fail.
 {¶ 28} Accordingly appellant's first and second assignments of error are overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Juvenile Division, Ohio, is affirmed.
Judgment affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 {¶ 30} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Juvenile Division, Ohio, is affirmed. Costs to appellant.