[Cite as *Estate of Brewer v. Black*, 2011-Ohio-920.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| ESTATE OF LARRY BREWER | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Julie A. Edwards, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2010-CA-00278 |
| CREDITOR FRANCES ALICE | : | |
| BLACK | : | |
| | : | O P I N I O N |
| Defendant-Appellee | | |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 20823


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      February 28, 2011

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

ROBERT R. HUNTER, JR.                JOHN V. BOGGINS
520 East Main Street                 1428 Market Avenue North
Alliance, OH  44601                  Canton, OH  44714

*Gwin, P.J.*

{¶1} Plaintiffs-appellants the Estate of Larry E. Brewer by Administrator Lana Sas appeal the September 3, 2010 judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, which removed the appellant Lana Sas as administrator of the estate. Appellee is Frances Alice Black, a creditor of the estate. Appellants assign one error to the trial court:

{¶2} "I. THE DECISION OF THE PROBATE COURT TO REMOVE LANA SAS AS ADMINISTRATOR WAS AN ABUSE OF DISCRETION SINCE THERE WAS NO EVIDENCE TO SUPPORT THAT DECISION."

STATEMENT OF THE FACTS AND CASE

{¶3} Larry E. Brewer died on April 14, 2006, and his son, appellant Wade E. Brewer, was appointed administrator of the estate in June 2006. In June of 2007, the Court of Common Pleas, General Division, awarded the appellee a civil judgment against the estate. The General Division case was appealed to this court twice, and ultimately we affirmed the trial court's decision. *Brewer v. Black,* Stark App. No.2008CA00278, 2009-Ohio-6625.

{¶4} On February 18, 2010, appellee filed a motion for the removal of the fiduciary pursuant to R.C. 2109.24. The probate court set a hearing on the motion for March 17, 2010. On March 12, 2010, appellants filed an amended inventory and appraisal, with a schedule of assets. On March 31, 2010, the court conducted a hearing, removed the fiduciaries, and denied them fiduciary fees. We affirmed the trial court's decision. *Brewer v. Black,* Stark App. No.2010CA00096, 2010-Ohio-3589.

{¶5}  On April 16, 2010, Lana Sas (sister of Wade Brewer and Cathie Brewer Long) applied for appointment as administrator under new case number 208723[1].  A deputy clerk issued letters of authority.

{¶6}  Attorney Rosemary Rubin filed an additional application under case number 209636.  A hearing was scheduled for September 1, 2010 at which appeared appellee's counsel, Attorney Rubin and appellant's attorney.  Lana Sas did not appear.  No contemporaneous record of that hearing was made.

{¶7}  In a decision filed September 3, 2010, the probate court vacated the appointment of Sas and appointed Attorney Rubin as administrator.  The lower court, taking into consideration the entire history of the administration, the Common Pleas litigation, and the appeals, found that a great degree of hostility and distrust existed between the interested parties, and that Sas was not reasonably disinterested.  On September 29, 2010 appellant filed her Notice of Appeal.

{¶8}  By Judgment Entry filed November 10, 2010, this Court remanded the matter to the Probate court for purposes of settling the record pursuant to App.R.9.  On December 7, 2010 the probate court filed a Statement of the Evidence approved by counsel for the parties and certified the record as complete.

STANDARD OF REVIEW

{¶9}  This case comes to us on the accelerated calendar.  App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶10}  "(E) Determination and judgment on appeal.  The appeal will be determined as provided by App. R. 11.1.  It shall be in sufficient compliance with App.

---

[1] As a matter of Probate procedure, each application for appointment of a substitute administrator is filed under a new case number, although there is but one estate. It and any other related cases are cross-referenced to one another.

R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶11} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App. 3d 158. This appeal shall be considered in accordance with the aforementioned rule.

I.

{¶12} Appellants first argue appellee presented no evidence in support of her motion to remove the administrator.

{¶13} In general, a probate court's decision regarding the granting of letters of administration in an estate is reviewed for abuse of the court's discretion. *In re: Estate of Henne* (1981), 66 Ohio St. 2d 232, 20 O.O. 3d 228, 421 N.E. 2d 506. A court abuses its discretion when its decision is arbitrary, unreasonable, or unconscionable. *In re: Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 320, 574 N.E.2d 1055. Furthermore, abuse of discretion "connotes more than an error of judgment; it implies a decision which is without a reasonable basis, one which is clearly wrong." *Angelkovski v. Buckeye Potato Chips Co., Inc.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280, paragraph three of the syllabus.

{¶14} In Ohio, a court speaks through its journal. Accordingly, it is imperative that the court's journal reflect the truth. *State ex rel. Worcester v. Donnellon* (1990), 49

Ohio St.3d 117, 551 N.E.2d 183, holding limited as stated in *State ex rel. Neff v. Corrigan* (1996),  75 Ohio St.3d 12, 17, 661 N.E.2d 170, 174.

**{¶15}** The court has the power to take judicial notice of its own records and judicial notice of its own actions in earlier proceedings of the same case.  *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 159, 454 N.E.2d 1330.  In the instant action, a probate court took judicial notice of the entire record of the herein matter, all of which was known to appellant and her attorney.  Any objection thereto was waived by failure to make a timely request to be heard as to the propriety of taking judicial notice.  Evid.R. 201(E).

**{¶16}** R.C. 2113.06 specifically states that the surviving spouse of the deceased, if a resident of the state or one of the Ohio next of kin of the deceased, "shall be granted" letters of administration.  It appears that Lana Sas would have priority to be appointed as administrator.

**{¶17}** The primary purpose of the judiciary in the interpretation or construction of a statue is to give effect to the intention of the legislature, as gathered from the provisions enacted by application of well-settled rules of construction or interpretation. *Henry v. Central National Bank* (1968), 16 Ohio St.2d 16, 20, 242 N.E.2d 342.  (Quoting *State ex rel. Shaker Heights Public Library v. Main* (1948), 83 Ohio App. 415, 80 N.E.2d 261).  It is a cardinal rule that a court must first look to the language itself to determine the legislative intent.  *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 304 N.E.2d 378.  If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly.  Id. at 105-106, 304 N.E.2d 378.  In determining legislative

intent, it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used. *Columbus-Suburban Coach Lines v. Public Utility Comm.* (1969), 20 Ohio St. 2d 125, 127, 254 N.E. 2d 8. See also, *In re: McClanahan*, Tuscarawas App. No. 2004AP010004, 2004-Ohio-4113 at ¶ 16.

{¶18} R.C. 1.42 states: "1.42 Common and technical usage. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

{¶19} The word "shall" is usually interpreted to make the provision in which it is contained mandatory. *Dorrian v. Scioto Conservancy District* (1971), 27 Ohio St.2d 102, 107, 271 N.E.2d 834. In contrast, the use of the word "may" is generally construed to make the provision in which it is contained optional, permissive, or discretionary. Id. The words "shall" and "may" when used in statutes are not automatically interchangeable or synonymous. Id. To give the "may" as used in a statute a meaning different from that given in its ordinary usage, it must clearly appear that the Legislature intended that it be so construed from a review of the statute itself. Id. at 107-108, 271 N.E.2d 834. *In re: McClanahan,* supra at ¶ 17.

{¶20} Thus, the probate court was required to determine whether to grant letters of administration to decedent's Ohio next of kin before simply appointing a local attorney as administrator. *In re: Estate of Usiak*, 172 Ohio App.3d 262, 276, 874 N.E.2d 838, 849, 2007-Ohio-3038 at ¶ 51.

{¶21} In the case at bar the probate court held a hearing at which Ms. Sas's attorney was present. It does not appear from the record before us that counsel

requested a continuance to present testimony or witnesses. As the United States Supreme Court recently observed in *Puckett v. United States*(2009), 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266, "If an error is not properly preserved, appellate-court authority to remedy the error (by reversing the judgment, for example, or ordering a new trial) is strictly circumscribed. There is good reason for this; 'anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal.'" (Citation omitted).

{¶22} Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 663, citing *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359. See, also, *Lester v. Leuck* (1943), 142 Ohio St. 91, paragraph one of the syllabus. As the Ohio Supreme Court has stated:

{¶23} "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible." *Lester* at 92-93, quoting *State v. Kollar* (1915), 142 Ohio St. 89, 91.

{¶24} The trial court's conclusions of law cite *In Re: Estate of Henne* (1981), 66 Ohio St. 2d 232, 421 N.E. 2d 506.　In *Henne,* the Ohio Supreme Court found monetary conflicts are a valid consideration for finding unsuitability.　The trial court found there was several million dollars worth of assets at issue.　Also in *Henne*, the Ohio State Supreme Court found if an executor had conflicting or adverse interests that rendered the executor unable to make objective decisions, plus a finding of extreme hostility and mistrust amongst the parties, with all the underlying applications, then the person is unsuitable to be appointed an executor.　The *Henne* court held our standard of error is abuse of discretion.

{¶25} We find the trial court did not err or abuse its discretion in finding the relationship between the parties in this case was so extremely hostile and distrustful, and the interest of Ms. Sas was potentially in conflict with the estate, that Lana Sas was unsuitable to act as administrator.

{¶26} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Edwards, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY

WSG:clw 0131

[Cite as *Estate of Brewer v. Black*, 2011-Ohio-920.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ESTATE OF LARRY BREWER | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CREDITOR FRANCES ALICE | : | |
| BLACK | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2010-CA-00278 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY