[Cite as *In re Estate of Maybury*, 2022-Ohio-977.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| ESTATE OF TIFFANI MAYBURY | : | Hon. John W. Wise, J. |
| DECEASED | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 22CA000004 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Knox County Court
                             of Common Pleas, Probate Division,
                             Case No. 20211265

JUDGMENT:                    Dismissed

DATE OF JUDGMENT:            March 25, 2022

APPEARANCES:

For Plaintiff-Appellant Lori Maybury          For Defendant-Appellee James Matheny, II

C.  JOSEPH MCCOY                              ROBERT G. MCCLELLAND
McCoy & McCoy, Attorneys at Law, LLC          Graham & Graham Co., L.P.A.
57 East Main Street                           P.O. Box 340
Newark, Ohio 43055                            Zanesville, Ohio 43702-0340

*Baldwin, J.*

**{¶1}** Lori Maybury appeals from the December 29, 2021 Journal Entry of the Probate Court of Knox County denying her Motion to Vacate James M. Matheny II's Appointment as Administrator of Estate of Tiffani Maybury.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant Lori Maybury is the mother of Tiffani Maybury. On October 2, 2021, Tiffani, who was unmarried at the time, was killed in an automobile accident. She is survived by her two minor children, appellant, her step-father and siblings. Tiffani died without having as last will and testament and, therefore, died intestate.

**{¶3}** On October 8, 2021, appellee James M. Matheny II, who is Tiffani's ex-husband and the father of her children, applied to the Probate Court to be Administrator of the Estate of Tiffani Maybury for the purpose of pursuing a wrongful death action. He was granted Letters of Administration on October 13, 2021.

**{¶4}** Thereafter, on November 15, 2021, appellant filed a Motion to Vacate James M. Matheny's II's Appointment as Administrator as well as an Application for Authority to Administer the Estate. Appellee filed a memorandum contra both on November 29, 2021 and appellant filed a reply on December 13, 2021. On December 23, 2021, appellee filed a response to the Motion to Vacate James M. Matheny's II's Appointment as Administrator as well as an Application for Authority to Administer the Estate.

**{¶5}** Pursuant to a Journal Entry filed on December 29, 2021, the trial court denied both appellant's Motion to Vacate James M. Matheny's II's Appointment as Administrator as well as her Application for Authority to Administer the Estate. The trial

court found that appellant did not have priority to serve as administrator of the Estate of Tiffani Maybury.

{¶6}   Appellant now appeals, raising the following assignment of error on appeal:

{¶7}   "I. THE PROBATE COURT ERRED BY DENYING APPELLANT LORI MAYBURY'S MOTION TO VACATE JAMES MATHENY'S APPOINTMENT AS ADMINISTRATOR   OF THE ESTATE OF TIFFANI MAYBURY BECAUSE LORI MAYBURY IS ONE OF HER DECEASED DAUGHTER'S NEXT OF KIN, AND THEREFORE HAS PRIORITY TO SERVE AS ADMINISTRATOR OF HER DAUGHTER'S ESTATE.

STANDARD OF REVIEW

{¶8}   This case comes to us on the accelerated calendar. App. R. 11. 1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be in sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶9}   One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.* 11 Ohio App.3d 158, 463 N.E.2d 655 (1983). This appeal shall be considered in accordance with the aforementioned rule.

I

**{¶10}** Appellant, in her sole assignment of error, argues that the trial court erred in denying her Motion to Vacate the Appointment of James M. Matheny, II as Administrator of the Estate of Tiffani Matheny.

**{¶11}** In general, a probate court's decision regarding the granting of letters of administration in an estate is reviewed for abuse of the court's discretion. *In re: Estate of Henne*, 66 Ohio St.2d 232, 421 N.E.2d 506(1981), *Estate of Brewer v. Black*, 5th Dist. Stark No. No. 2010–CA–00278, 2011-Ohio-920, ¶ 13. However, courts apply a de novo standard when reviewing issues of law such as whether, as the trial court found, appellant did not have priority to serve as administrator of the Estate of Tiffani Maybury. See *Chapman v. Chapman*, 11th Dist. Lake No. 2015-L-039, 2015-Ohio-4833.

**{¶12}** R.C. 2113.06 establishes the priority of persons entitled to administer an Estate. Such section states, in relevant part, as follows: (A) Administration of the estate of an intestate shall be granted to persons mentioned in this division, in the following order:

**{¶13}** (1) To the surviving spouse of the deceased, if resident of the state;

**{¶14}** (2)  To one of the next of kin of the deceased, resident of the state.

**{¶15}** (B) If the persons entitled to administer the estate under division (A) of this section fail to take or renounce administration voluntarily, the matter shall be set for hearing and notice given to the persons.

**{¶16}** (C) If there are no persons entitled to administration, if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority

shall be lost, and the court shall commit the administration to some suitable person who is a resident of the state, or to the attorney general or the attorney general's designee, if the department of medicaid is seeking to recover the costs of medicaid services from the deceased pursuant to section 5162.21 or 5162.211 of the Revised Code. The person granted administration may be a creditor of the estate. (Emphasis added).

{¶17} Because the decedent in this case had no surviving spouse, her next of kin was next in line for priority to administer her Estate. ""Next of kin" for purposes of this statute has been defined to encompass only those persons who are entitled to inherit all or some portion of the estate of the deceased. *In re Estate of Kelly* (1956), 102 Ohio App. 518, 144 N.E.2d 130 [3 O.O.2d 56]. "*In re Est. of Robertson*, 26 Ohio App. 3d 64, 66, 498 N.E.2d 206, 208 (1985). A person who is entitled to inherit nothing from decedent's estate has no priority and has no capacity to attack appointment of another. *In re Estate of Kelly, supra.*

{¶18} In *In re Blevins v. Fueston* (June 14, 1976), 1st Dist. No. 102, the court stated. " * * * [W]e adopt the rule * * * announced in *In re Estate of Kelly,* (supra)* * *, that the term 'next of kin' as used in R.C. 2113.06 refers to those persons who are entitled to inherit all or some portion of the estate of the deceased, and that a person who is entitled to inherit nothing from the estate has no priority in appointment as administrator of the estate nor, for that matter, capacity to attack the appointment of another person. * * * The principle which lies at the foundation of the preferences in the statute is that administration should be granted to those who eventually will be entitled to the property-those who are most interested in the estate." *Id.* at *1, 144 N.E.2d 130. Thus, the court held that neither the ex-spouse, who was the mother of the decedent's children, nor the brother of the

decedent was entitled to priority of appointment. Further, the court determined that, though no one was entitled to priority under the statute, the appointment of the ex-spouse as a 'suitable person' was not contrary to R.C. 2113.06.

{¶19} In the case sub judice, Tiffani Maybury died intestate. Under R.C. 2105.05, the statute of descent and distribution, because she had no surviving spouse, her two minor children were entitled to inherit from her. Due to their minority, they were unsuitable to administer the decedent's estate and a suitable person would need to be appointed pursuant to R.C. 2113.06(C).

{¶20} Under *Kelly,* because appellant has no personal interest in the decedent's estate, she consequently has no capacity to attack appellee's appointment as administrator. Because she inherits nothing from the estate, appellant cannot demonstrate a present interest in the subject matter of the appeal and cannot show that she was prejudiced by the decision of the trial court. *See, In re Estate of Jones*, 4th Dist. Adams No. 09CA879, 2009-Ohio-4457, at ¶ 23 in which the court, in dismissing the appeal of an ex-wife from the appointment and failure to remove the decedent's sister as administrator, held that the minor children were "the only parties entitled to inherit the decedent's estate and, as such are the only next of kin for purposes of R.C. 2113.06. Because neither [the ex-wife nor the sister is] entitled to inher[it] anything under the estate, neither [is] entitled to priority of appointment." *Id.* at ¶ 21.

**{¶21}** Appellant, therefore, lacks standing to challenge the trial court's decision appointing appellee as the Administrator of the Estate of Tiffani Maybury and we discuss the current appeal for lack of standing.[1]

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.

---

[1] In an appellate context, "[t]he doctrine of standing holds that only those parties who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the decision of the lower court possess the right to appeal." *In re Estate of Jones,* 4th Dist. No. 09CA879, 2009–Ohio–4457, ¶ 22, citing *Willoughby Hills v. C.C. Bar's Sahara,* 64 Ohio St.3d 24, 26, 1992-Ohio-111, 591 N.E.2d 1203.