[Cite as *In re K.B.*, 2025-Ohio-854.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: K.B. | : | JUDGES: |
|  | : | Hon. Robert G. Montgomery, P. J. |
|  | : | Hon. Kevin W. Popham, J. |
|  | : | Hon. David M. Gormley, J. |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | Case No. 2024CA00112 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Family Court Division,
Case No. 2022JCR01242

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    March 13, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KYLE STONE                         THOMAS HIGGINS
Prosecuting Attorney                 Stark County Public Defender
BY: LISA A, NEMES                  201 Cleveland Ave. S.W.
Assistant Prosecutor                 Canton, OH  44702
110 Central Plaza S., Ste. 510
Canton, OH  44702

*Popham, J.*

**{¶1}** Appellant- victim R.H., through her representative, appeals the trial judge's June 26, 2024 denial of the State's motion to impose a previously suspended one-year Department of Youth Services ["DYS"] commitment in Stark County Court of Common Pleas, Family Court Division, Case Number 2022JCR1242, because the State failed to notify R.H. of the hearing, and provide R.H. the opportunity to address the judge at the hearing on the State's motion.

### Facts and Procedural History

**{¶2}** The State of Ohio filed a complaint charging K.B., a minor, with one count of Rape, a felony in the first degree, on September 30, 2022 in Stark County Family Court, Family Court Division, Case No. 2022JCR01242. On October 4, 2022, Attorney Benzo filed a notice of appearance as the Victim's representative.

**{¶3}** At his arraignment, K.B. entered a plea of not true. That same day, K.B. entered a plea of not true to a separate count of rape in another case, Case No. 2022JCR01402, involving a different victim. The juvenile judge filed a single order that addressed both unrelated charges and "combined" 2022JCR01242 and 2022JCR01402 for the purpose of judicial economy.

**{¶4}** On May 10, 2023, K.B. entered a plea of true to the rape charge in 2022JCR01242. At the disposition hearing on July 11, 2023, the victim, R.H., appeared with counsel, and with victim's mother. The juvenile court judge found K.B. delinquent.

**{¶5}** The judge imposed a sentence of 63 days in the juvenile detention center, fully credited for time served. The judge further imposed a one-year minimum DYS commitment, which the judge stayed upon the following conditions: abide by local, state,

and federal law; good behavior; and abide by the terms of probation and all orders of the court. Further, the juvenile court judge ordered K.B. subject to community control until the age of 18, and required K.B. to adhere to the rules and stated conditions of probation, which include, that K.B. refrain from engaging in any further acts of problem sexual behaviors toward anyone, engage in and follow all recommendations for sex offender treatment, have no contact with the victim, and obey all laws. The juvenile judge also combined in the same July 11, 2023 order, the judgment entry in Case No. 2022JCR01402, adjudicating K.B. delinquent on the separate count of rape and imposing a nearly identical sentence.

{¶6} While still under community control, K.B. picked up new charges. In Case No. 2024JCR00447, K.B. was charged with one count of pandering obscenity involving a minor or impaired person, a felony of the second degree, in violation of R.C. 2907.321(A), and one count of disseminating matter harmful to juveniles, a felony of the fifth degree, in violation of R.C. 2907.31(A)(1).

{¶7} On May 3, 2024, the State filed a motion in 2022JCR01242 and 2022JCR01402 asking the juvenile court judge to impose K.B.'s previously suspended one-year DYS commitments in the event the court adjudicates K.B. delinquent on his new charges.

{¶8} On May 6, 2024, a judgment entry was filed indicating that the State's motion was well taken and setting a hearing on the motion in 2022JCR01242 and 2022JCR01402 on the same date as the pretrial hearing in 2024JCR00447. Notice of the hearings was served on the "Juvenile Intake Department" and counsel representing K.B. in 2024JCR00447.

**{¶9}** On June 11, 2024, an order was filed combining all three cases for the purpose of judicial economy and setting a new date for a plea hearing in 2024JCR00447 and for imposition hearings in 2022JCR01242 and 2022JCR01402.

**{¶10}** On June 26, 2024, the juvenile court judge accepted a plea, and rendered sentencing related to Case No. 2024JCR00447. In the same hearing, the trial judge considered the State's motion to impose the stayed sentences in Case Nos. 2022JCR01242 and 2022JCR01402. Counsel appeared on behalf of the State and K.B., respectively. An intake employee, a probation officer, a Child and Adolescent Behavioral Health doctor, K.B.'s mother, and K.B.'s stepfather also appeared at the hearing.

**{¶11}** The parties represented to the judge that they reached a plea agreement; the State would move to dismiss the charge for disseminating, and K.B. would enter a plea of true to the charge for pandering obscenity involving a minor. T. July 26, 2024 at 3. The judge granted the motion to dismiss, accepted the plea, and found K.B. delinquent on the count of pandering. *Id.* 4-5. The juvenile court handled disposition that same day.

**{¶12}** Upon inquiry regarding the victims, the State informed the juvenile court: "The State has made contact with the named victims in this particular matter. They did not provide any victim impact statement and did not provide us any information to provide to the Court here today." T. July 26, 2024 at 7. The judge did not inquire about the victims in the prior cases. Nor did the judge directly address the issue of K.B. violating the conditions under his prior sentences. The judge, while denying the motion to impose, simply noted that the suspended DYS commitments would remain hanging over K.B.'s head. T. July 26, 2024 at 9.

{¶13} In the new case, 2024JCR00447, the judge ordered a commitment to DYS for a minimum of six months, but the court again stayed the commitment. T. July 26, 2024 at 9. Following the hearing, the judge combined for the purpose of judicial economy all three cases 2024JCR00447, 2022JCR01242, and 2022JCR01402 in a June 26, 2024 judgment entry. The judgment entry reflected the new six-month stayed sentence in 2024JCR00447. As to 2022JCR01242 and 2022JCR01402, the judge entered an order that the prior orders remain in effect, and denying the State's motion to impose the suspended commitments.

*Assignment of Error*

{¶14} Appellant-victim raises one Assignment of Error,

{¶15} "I. THE TRIAL COURT ERRED WHEN IT DENIED VICTIM-APPELLANT, R.H. THE OPPORTUNITY TO BE PRESENT AND HEARD REGARDING IMPOSITION OF THE JUVENILE DELINQUENT'S STAYED SENTENCE, IN VIOLATION OF ARTICLE I, SECTION 10a(A)(2) AND (3) OF THE OHIO CONSTITUTION.

**Standard of Appellate Review**

{¶16} "When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate." *Medical Mutual of Ohio v. Schlotterer*, 2009-Ohio-2496, ¶ 13, *citing, Swartzentruber v. Orrville Grace Brethren Church*, 2005-Ohio-4264, ¶ 6 (9th Dist.), and *Huntsman v. Aultman Hosp*, 2008-Ohio-2554, ¶ 50 (5th Dist.). *See also, Hurt v. Liberty Twp., Delaware County*, 2017-Ohio-7820, ¶ 31 (5th Dist.).

{¶17} Because the assignment of error involves the interpretation of a statute and the Constitution of the State of Ohio, which is a question of law, we review the trial court's

judgment de novo. *See, Schlotterer* at ¶ 13; *State v. Pariag*, 2013-Ohio-4010, ¶ 9; *Hurt,* ¶ 31; *State v. Fadley*, 2023-Ohio-3573, ¶ 12 (5th Dist.).

*Law and Analysis*

{¶18} Crime victims have been granted certain rights under Ohio Const., art. I, § 10a, also known as "Marsy's Law." R.C. Chapter 2930 was enacted in accordance with Marsy's Law. As relevant here, R.C. 2930.161(A)(1) provides the court *shall* notify the victim and victim's representative, of any of the following:

(1) A probation or community control revocation disposition proceeding or any proceeding in which the court is asked to terminate the probation or community control of a person who was convicted of committing a criminal offense against the victim;

(2) Any hearing on a proposed modification on the terms of probation or community control;

(3) If the person is on supervised probation or community control, the arrest of the person pursuant to a warrant issued for a probation or community control violation;

(4) The defendant's or alleged juvenile offender's failure to successfully complete a diversion or substantially similar program.

Emphasis added. Further, R.C. 2930.161(B) provides:

(B) On request of a victim or victim's representative who has provided current contact information, the probation department *shall* notify the victim and victim's representative, if applicable, of the following as soon as it becomes known to the probation department:

(1) Any proposed modification to any term of probation or community control if the modification affects restitution, incarceration, or detention status or the defendant's or alleged juvenile offender's contact with or safety of the victim;

(2) The victim's and victim's representative's right to be heard at a hearing that is set to consider any modification to be made to any term of probation or community control;

(3) Any violation of any term of probation or community control that results in the filing of a petition with the court to revoke probation or community control;

(4) Following a risk assessment of the terms of probation or community control, including the period of supervision and any modifications to the terms of probation or community control, any restricted locations and any other conditions of probation or community control that impact victim safety.

Emphasis added.

{¶19} The primary purpose of the judiciary in the interpretation or construction of a statute is to give effect to the intention of the legislature, as gathered from the provisions enacted by application of well-settled rules of construction or interpretation. *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 20 (1968), *quoting State ex rel. Shaker Hts. Pub. Library v. Main*, 83 Ohio App. 415 (8th Dist. 1948). It is a cardinal rule that a court must first look to the language itself to determine the legislative intent. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105 (1973). If that inquiry reveals that the statute conveys a meaning that is clear, unequivocal, and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly. *Id.* at 105–106. In determining legislative intent, it is

the duty of the court to give effect to the words used, not to delete words used or to insert words not used. *Columbus–Suburban Coach Lines v. Pub. Util. Comm.*, 20 Ohio St.2d 125, 127(1969). *See also In re McClanahan*, 2004-Ohio-4113, ¶ 16 (5th Dist.); *State v. Culberson*, 2012-Ohio-448, ¶¶ 27-29 (5th Dist.).

**{¶20}** R.C. 1.42 states: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

**{¶21}** The word "shall" is usually interpreted to make the provision in which it is contained mandatory. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971). *See also*, *State v. Morgan*, 2017-Ohio-7565, ¶ 22; *Wilson v. Lawerence*, 2017-Ohio-1410, ¶ 13.

**{¶22}** In contrast, the use of the word "may" is generally construed to make the provision in which it is contained optional, permissive, or discretionary. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d at 107. The words "shall" and "may" when used in statutes are not automatically interchangeable or synonymous. *Id.* To give the word "may" as used in a statute a meaning different from that given in its ordinary usage, it must clearly appear that the legislature intended that it be so construed from a review of the statute itself. *Id.*; *In re McClanahan*, 2004-Ohio-4113, ¶ 17 (5th Dist.).

**{¶23}** R.C. 2930.161(A) and 2930.161(B) do not provide a "clear and unequivocal legislative intent" that the word "shall" should be construed as meaning something other than its ordinary meaning. Therefore, the legislature imposed a mandatory duty on the State to provide the victim of a crime notice when certain conditions are met. Under the

plain language of R.C. 2930.161(A) and 2930.161(B), victims are guaranteed notice and an opportunity to be heard whenever a court considers any violation of any term of probation or community control that results in the filing of a petition with the court to revoke probation or community control. *State v. Malfregeot,* 2024-Ohio-257, ¶ 10 (8th Dist.); *State v. Gaiters,* 2025-Ohio-30, ¶ 11 (5th Dist.).  The State's motion to impose the suspended sentence filed in Case No. 2022JCR1242 on May 3, 2024, is such a motion.

**{¶24}**  Attorney Benzo as Counsel for the victim R.H., the victim in Case No. 2022JCR1242, filed a Notice of Appearance as Victim's Representative on October 4, 2022. Neither she nor the victim were provided notice of the State's motion to impose, or of the judge's setting the matter to be heard on June 26, 2024. The State agrees that R.H. was not provided notice and the opportunity to be heard at the June 26, 2024 hearing when the judge considered the state's motion to impose sentence in Case No. 2022JCR1242. *See,* State's brief at 1; 8 – 9.

**{¶25}**  Upon review, we find nothing in the record or on the docket to indicate any notice was provided to the victim or her representative. We, therefore, find the trial judge erred as a matter of law in denying the state's motion to impose the suspended sentence without providing R.H. or her representative with the requisite notice and opportunity to be heard.

**{¶26}**  The Appellant-victim's sole assignment of error is sustained.

{¶27} The judgment of the Stark County Court of Common Pleas, Family Court Division is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.


By Popham, J.,

Montgomery, P. J., and

Gormley, J., concur